UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>JAMES J. PHELAN,<br>*Debtor* | Chapter No. 7<br>Bk. Case No. 5-21-bk-00937 |
| NEW HORIZONS AT MOUNTAINS EDGE, INC.<br>*Movant,*<br><br>v.<br><br>JAMES J. PHELAN<br>*Respondent.* | EMERGENCY MOTION |

## AMENDED EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**AND NOW,** comes your Movant, New Horizons at Mountains Edge, Inc. by and through its undersigned attorney of Mark A. Primrose, Esquire and moves this Honorable Court for emergency relief in the form of a termination of the Automatic Stay and leave so Movant, New Horizons at Mountains Edge Inc., may continue the eviction process against Debtor/Respondent, James J. Phelan, regarding possession of real property bearing a street address of 18 Ski Side Court, Mountains Edge Village, Tannersville, Monroe County, in the Commonwealth of Pennsylvania. The relief requested in this Motion is proper for all of the reasons set forth herein, and in support thereof aver as follows:

### I. PARTIES.

1. Movant is New Horizons at Mountains Edge, Inc. ("Movant New Horizons").

2. Debtor, James J. Phelan ("Debtor Phelan"), is the Respondent to the instant Motion for Relief from the Automatic Stay.

3. Trustee, Robert P. Sheils, Jr., Esquire, is the Chapter 7 Trustee appointed in the above-docketed matter with the United States Trustee listed as Assistant Trustee. The Trustee and Assistant Trustee are Respondents to the instant motion should they so elect to respond or otherwise take a position as to the instant Motion for Relief from the Automatic Stay.

## II. LEASED PREMISES.

4. Movant New Horizons is the sole record owner of certain real property bearing a street address of 18 Ski Side Court, Mountains Edge Village, Tannersville, Monroe County, in the Commonwealth of Pennsylvania, 18372 (the "Leased Premises") by virtue of that certain Deed, dated May 10, 2017, recorded in the office of the Recorder of Deeds of Monroe County, in Deed Book 2499, Starting Page 3461, Instrument Number 201725315, and further described in that Deed. *See a true and correct copy of that Deed attached hereto and incorporated herein as Exhibit "A."*

5. Debtor Phelan has no equity or ownership interest in the Leased Premises, rather he is merely the present occupant of the Leased Premises as a tenant, which leasehold has ended.

## III. LEASE AGREEMENT.

6. Movant New Horizons is an active corporation registered with the Commonwealth of Pennsylvania bearing Entity Number 6475373 with the Pennsylvania Department of State's Bureau of Corporations and Charitable Organizations and having a principal place of business of 742 Ann Street, Stroudsburg, County of Monroe, in the Commonwealth of Pennsylvania.

7. Movant New Horizons is Debtor Phelans's landlord, with Debtor Phelan (and his wife, Christine Phelan) occupying the Leased Premises pursuant to a written lease agreement

(the "Lease") dated April 1, 2020. *See a true and correct copy of the Lease attached hereto and incorporated herein as Exhibit "B."*

8. The Lease provides, *inter alia*, for Debtor Phelan (and his wife, Christine Phelan) to pay monthly rent to Movant New Horizons in the amount of One Thousand Five Hundred ($1,500.00) Dollars, on or before the first (1st) day of each new month, for which Debtor Phelan (and his wife, Christine Phelan) have failed to tender the same, and, consequently, have caused them to breach the terms and conditions of the Lease. *See id.*, § 1.3.

9. The Lease requires, *inter alia*, Debtor Phelan (and his wife, Christine Phelan) to "purchase personal Liability insurance" which they did not have until recently and which initially resulted in a breach of the terms and conditions of the Lease.

10. On May 3, 2021, counsel for Movant, New Horizons, received notice that the insurance has been canceled due to nonpayment of premium. *A true and correct copy of the notice is attached hereto and incorporated herein as Exhibit "C."*

11. The Lease provides, *inter alia*, Movant New Horizons with enumerated remedies for any instance where Debtor Phelan (and his wife Christine Phelan) is/are found to be in breach of his/their obligations pursuant to the Lease, including the retaking of possession and reimbursement of Movant New Horizon's attorney's fees. *Id.*, § 4.2 and 3.4.

12. Through the provisions of the Lease, the Lease can be terminated without notice for any breach. Regardless, the Lease self terminated on April 30, 2021 and despite prior assurance that Debtor Phelan and his wife Christine Phelan would surrender the premises, it is believed that at present they have no intent to do so.

### DEBTOR'S BREACH OF LEASE AGREEMENT

13. As a result of the hereinabove breaches by Debtor Phelan and his wife, Christine Phelan, Movant New Horizons filed a Landlord Tenant Action on or around October 29, 2020

with Magisterial District Judge Daniel Kresge. *A true and correct copy of the Complaint is attached hereto and incorporated herein as Exhibit "D."*

14. Judgment was entered in favor of herein Movant New Horizons and against Debtor Phelan and his wife, Christine Phelan. *A true and correct copy of the Docket Entries of Magisterial District Judge Daniel Kresge is attached hereto an incorporated herein as Exhibit "E."*

15. The Judgment was appealed by Debtor Phelan and his wife, Christine Phelan, to Monroe County Court of Common Pleas and a Praecipe to enter Rule to File Complaint was issued. Supersedeas bond was paid by Debtor Phelan and his wife, Christine Phelan, in the amount of $500.00.

16. A Complaint in civil action was filed in the Monroe County Court of Common Pleas by Movant New Horizons. *A true and correct copy of the Complaint is attached hereto and incorporated herein as Exhibit "F."*

17. Debtor Phelan and his wife, Christine Phelan, filed an Answer to the Complaint and a Motion for Hearing was filed by Movant New Horizons.

18. Prior to the hearing, Movant New Horizons learned that Debtor Phelan and his wife, Christine Phelan, had not complied with the terms of the Supersedeas in that they had failed to make the required deposits.

19. A Praecipe to Terminate Supersedeas was filed by Movant New Horizons. Debtor Phelan filed a Motion to Stop Termination of Supersedeas, but Termination of the Supersedeas was granted by the Prothonotary of Monroe County on February 24, 2021. *A true and correct copy of said Termination of Supersedeas is attached hereto and incorporated herein as Exhibit "G."*

20. Upon receipt of Termination of Supersedeas, Movant New Horizons sought and obtained (their second) Order of Possession from District Justice Daniel Thomas against Debtor Phelan and his wife, Christine Phelan. *See Exhibit "E."*

21. Debtor Phelan and his wife, Christine Phelan, then filed a Motion to Stop Termination of Supersedeas and a hearing was scheduled in front of The Honorable C. Daniel Higgins of Monroe County Court of Common Pleas at which time Movant New Horizons requested only that Lease be terminated as of April 30, 2021 and an award for damages be granted.

22. A determination was made at Hearing that the lease ended April 30, 2021.

23. Debtor Phelan and his wife Christine Phelan acknowledged the lease termination date in two separate filings with Monroe County Court of Common Pleas: the first being in their Answer and New Matter filed December 28, 2020 and the second being in their Opposition filed April 21, 2021. *A true and correct copy of both filings are attached hereto and incorporated collectively herein as Exhibit "H."*

24. Debtor Phelan filed his Chapter 7 bankruptcy on April 23, 2021, prior to the Entry of a Court Order by The Honorable C. Daniel Higgins.

### V. DEBTOR PHELAN AND HIS WIFE CHRISTINE PHELAN'S BANKRUPTCY FILINGS

25. Defendant Phelan only filed this instant Chapter 7 bankruptcy action to thwart the eviction proceedings in that:

    (a) On January 14, 2019, Debtor Phelan filed for Chapter 7 bankruptcy which bankruptcy included two landlords as creditors, Margaret Kaso and Frank Buono, managing member of JVF Investments, LLC and which filing reflected that a Landlord had obtained an eviction judgment against Debtor Phelan. Said bankruptcy was dismissed in part to Debtor

Phelan's lack of attendance at scheduled hearings but the filing did delay the eviction proceeding. *A true and correct copy of both the Voluntary Petition for Individuals Filing for Bankruptcy, the Docket Entries for the bankruptcy filing and the docket entries verifying judgments against Debtor Phelan and his wife, Christine Phelan are attached hereto and incorporated collectively herein as Exhibit "I."*

(b) On November 1, 2017, Debtor Phelan's wife, Christine Phelan, filed for Chapter 7 bankruptcy which bankruptcy included landlords, Joseph Kaso and Margaret Kaso, as creditors. Said bankruptcy was initially dismissed but upon request for reconsideration was reinstated and ultimately all debts were discharged. The debts discharged included, in part, monies owed for rent in the amount of $15,000. *A true and correct copy of the docket entries for said bankruptcy along with the Schedule E/F of said filing are attached hereto and incorporated herein collectively as Exhibit "J."*

(c) On October 7, 2004, Debtor Phelan's wife, Christine Phelan filed for Chapter 7 bankruptcy and which bankruptcy included a Landlord, Rosegas, Inc., as a creditor. Said bankruptcy was initially dismissed due to failure to pay filing fee but upon request for reconsideration, was reopened and all debts were discharged. An action in eviction was pending when bankruptcy was filed. *A true and correct copy of the Docket Entries along with the Motion for Relief from Automatic Stay and this Honorable Court's Order granting relief are attached hereto and incorporated herein collectively as Exhibit "K."*

26. Debtor Phelan (and his wife, Christine Phelan) are repeat (serial) bankruptcy filers having filed repeatedly seeking bankruptcy protection three (3) times in the last four years. All of the filings include past due rent to landlords and in at least one case, seeks to avoid or delay an eviction.

27. It is respectfully submitted that Movant New Horizons, as landlord of Debtor Phelan and his wife Christine Phelan, is a real party in interest.

28. Movant New Horizons respectfully requests that this Honorable Court enter an Order pursuant to § 362 (c)(4) confirming that no stay is in effect as to Debtor Phelan and the leased unit, since the Lease has now expired, and possession has been granted twice by District Justice Daniel Kresge.

29. Presently, Movant New Horizons lacks adequate protection, and it submitted that Debtor Phelan does not have an equity in the Leased Unit nor is it necessary to an effective reorganization.

### VI. POST-PETITION BREACH OF LEASE AGREEMENT

30. Debtor Phelan and his wife Christine Phelan had failed to pay Movant New Horizons amounts due and owing for the thirty (30) day period immediately following the filing of Movant New Horizons with District Justice Daniel Kresge.

31. At the time of the hearing on April 21, 2021, Debtor Phelan and his wife, Christine Phelan owed Movant New Horizons over $13,000 in addition to possession being granted twice by District Justice Daniel Kresge.

32. On April 22, 2021, Movant New Horizons' counsel was provided with a copy of a letter from Monroe County Office of Fiscal Affairs advising that a check was forthcoming on behalf of Debtor Phelan and his wife, Christine Phelan for monies owed. *A true and correct copy of the letter from Monroe County Office of Fiscal Affairs is attached hereto and incorporated herein as Exhibit "L."*

33. Any monies "overpaid" by Monroe County Office of Fiscal Affairs after Debtor Phelan and his wife Christine have vacated the Premises will be refunded to Monroe County Office of Fiscal Affairs.

## VII. RELIEF FROM THE AUTOMATIC STAY

34. Paragraphs 1 through 33, inclusive, of Movant New Horizons' instant motion are incorporated herein as if set forth at length.

35. The eviction proceedings were initially stayed by Debtor Phelan and his wife, Christine Phelan filing an appeal to the Order of Possession granted by District Justice Daniel Kresge on November 24, 2020. *See Exhibit "E."* After the Termination of the Supersedeas, Movant New Horizons again requested an Order of Possession which was served on March 4, 2021, see *Exhibit "E."* Debtor Phelan and his wife Christine Phelan then objected to the Termination of the Supersedeas, which resulted in the hearing held April 21, 2021.

36. Debtor Phelan has no interest in the rental unit which terminated on April 30, 2021 and for which possession has been granted twice to Movant New Horizons. *See Exhibit "E."*

37. In anticipation of possession again being granted to Movant New Horizons, Debtor Phelan then filed for Chapter 7 bankruptcy. Debtor Phelan's wife, Christine Phelan is prohibited from filing for bankruptcy due to her Chapter 7 bankruptcy filed on November 1, 2017 which resulted in discharge of her debts. *See Exhibit "J."*

38. The Leased Unit is not necessary for the effective reorganization of Debtor Phelan or will Debtor be left homeless in that Debtor Phelan's wife, Christine Phelan, is the Lessee for another unit in the same community.

39. Debtor Phelan has no equity in the Leased Unit.

40. Debtor Phelan failed to deposit the required sums to Monroe County Prothonotary which resulted in the Termination of the Supersedeas and the second Order of possession from District Justice Daniel Kresge.

41. Debtor Phelan allowed tenant's insurance to lapse due to non-payment.

42. On April 23, 2021, there was a residential structure fire at the leased premises which is believed to have occurred due to Debtor Phelan's carelessness in the disposal of a lit cigarette. Video of the incident has supplied to Movant New Horizons.

43. Movant New Horizons has received several complaints about Debtor Phelan and his wife Christine Phelan, with at least one tenant advising that they may seek to leave the community.

44. For the reasons set forth more fully hereinabove, Movant New Horizon lacks adequate protection in the Leased Unit.

45. Debtor Phelan cannot demonstrate how the Leased Unit could be considered to be necessary since there is no lease after April 30, 2021.

46. Debtor Phelan cannot demonstrate this bankruptcy filing is in good faith.

47. Movant New Horizons wishes to proceed with the eviction proceeding at this time.

48. Movant New Horizons has cause, as set forth more fully herein, to have the Automatic Stay terminated so as to permit it to complete the eviction proceeding.

49. By reason of the foregoing, good cause exists for Movant New Horizons to be granted relief from the automatic stay in the herein case to permit Movant New Horizon to

continue with the underlying eviction and remove Debtor Phelan (and his wife Christine Phelan) and his/her belongings from 18 Ski Side Court, Mountains Edge Village, Tannersville, Monroe County, in the Commonwealth of Pennsylvania 18372.

50. At this time, the Monroe County Court of Common Pleas will not proceed with the eviction absent an order by this Honorable Court expressly acknowledging that the automatic stay is not in effect.

51. Movant New Horizons served this emergency motion, in advance of filing the same, upon parties of interest via electronic mail at the addresses set forth in the Certificate of Service.

52. Expedited consideration of the instant Motion is necessary as the Court will not complete the eviction process without further direction of this Honorable Court.

53. Movant New Horizons is prejudiced by each day in which Debtor Phelan is in possession of the Leased Premises based on an automatic stay.

54. Movant New Horizons has completed an Affidavit in Support of this Motion and the averments contained herein. *See Affidavit attached hereto and incorporated herein as Exhibit "M."*

**WHEREFORE,** your Movant, New Horizons at Mountains Edge, respectfully prays this Honorable Court grant the relief it seeks by entering an Order of Court:

    a. granting relief from the automatic stay under 11 U.S.C. § 362(a) with respect to the Leased Premises, 18 Ski Side Court, Mountains Edge Village, Tannersville, Monroe County, in the Commonwealth of Pennsylvania 18372, to allow Movant New Horizons to proceed with its rights under the terms and conditions of the Lease and state law; and

b. modifying the automatic stay under 11 U.S.C. § 362(a) with respect to the Leased Premises, 18 Ski Side Court, Monroe County, in the Commonwealth of Pennsylvania, to allow Movant New Horizons to pursue the enforcement of the Order of Possession, or other civil proceedings, in order to permit Movant New Horizons to acquire possession of the Leased Premises; and

c. granting any other relief that this Honorable Court deems just and equitable.

DATED: 5/6/21

Respectfully submitted,

**THE LAW OFFICE OF
MARK A. PRIMROSE, PLLC**

By: _____

Mark A. Primrose, Esq.
Attorney ID No. 38801
Attorney for Movant
17 North 6th Street
Stroudsburg, PA 18360
(570) 421-2350